People v LeClair (2020 NY Slip Op 02498)





People v LeClair


2020 NY Slip Op 02498


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

109710

[*1]The People of the State of New York, Respondent,
v
Scott LeClair, Appellant.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Todd G. Monahan, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered July 11, 2017, convicting defendant upon his plea of guilty of the crimes of unlawful manufacturing of methamphetamine in the third degree, possession of methamphetamine manufacturing material and the traffic infraction of speeding.
In satisfaction of a seven-count indictment, defendant pleaded guilty to unlawful manufacturing of methamphetamine in the third degree, possession of methamphetamine manufacturing material and speeding, and waived his right to appeal. Thereafter, defendant made a pro se motion to withdraw his guilty plea on the ground that he was coerced by and received the ineffective assistance of counsel. County Court denied the motion without a hearing and sentenced defendant, a second felony offender, in accordance with the terms of the plea agreement, to a prison term of 3½ years, followed by 1½ years of postrelease supervision, on the conviction of unlawful manufacturing of methamphetamines in the third degree and a one-year concurrent sentence on the conviction of possession of methamphetamine manufacturing material, as well as a fine on the traffic infraction. Defendant appeals.
We affirm. Defendant challenges the voluntariness of his plea based upon alleged ineffective assistance of counsel and contends that County Court abused its discretion in summarily denying his motion to withdraw his plea. Initially, we note that defendant's challenge to the voluntariness of the plea is not foreclosed by the unchallenged appeal waiver and is preserved by his motion to withdraw his plea (see People v Blanford, 179 AD3d 1388, 1391 [2020]; People v Ozuna, 177 AD3d 1040, 1041 [2019]). Nevertheless, defendant's contentions are without merit. Defendant, in response to inquiry by the court, affirmatively acknowledged that he had sufficient time to confer with counsel and was satisfied with the representation he received. Further, defendant denied that he was threatened or pressured into pleading guilty and that he was freely and voluntarily entering into the guilty plea. Defendant then unequivocally admitted to engaging in the conduct charged and made no statements during the colloquy that called into question his actual innocence. Contrary to defendant's contention, the fact that counsel informed him of the potential maximum sentence to which he was exposed does not generally amount to coercion or render a plea involuntary (see People v Walker, 173 AD3d 1561, 1562 [2019]; People v Seuffert, 104 AD3d 1021, 1022 [2013], lv denied 21 NY3d 1009 [2013]). Upon inquiry by the court, no further support was offered by defendant for withdrawing the plea. As the record reflects that defendant's plea was knowingly, voluntarily and intelligently entered, we find no abuse of discretion in the court summarily denying his motion to withdraw such plea (see People v Ozuna, 177 AD3d at 1041; People v Palmer, 174 AD3d 1118, 1119 [2019]; People v Walker, 173 AD3d at 1562). Defendant's remaining contentions are unpersuasive.
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.