People v Pizarro (2020 NY Slip Op 03695)





People v Pizarro


2020 NY Slip Op 03695


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

110323

[*1]The People of the State of New York, Respondent,
v
Jesus Pizarro, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 3, 2018, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to the reduced charge of attempted burglary in the second degree and waived the right to appeal. Prior to sentencing, defendant moved to withdraw his plea. County Court denied the motion and, in accordance with the plea agreement, sentenced defendant, as a second felony offender, to six years in prison, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, the record establishes that defendant knowingly, intelligently and voluntarily waived the right to appeal. Defendant was advised that an appeal waiver was a condition of the plea agreement and County Court explained the separate and distinct nature of the waiver. Defendant also executed a written waiver, and County Court confirmed that defendant had discussed the waiver with counsel and understood its ramifications. Accordingly, and discerning no other infirmities with the appeal waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we conclude that defendant validly waived the right to appeal his conviction and sentence (see People v Weidenheimer, 181 AD3d 1096, 1096-1097 [2020]; People v Howell, 178 AD3d 1148, 1148 [2019], lv denied 34 NY3d 1129 [2020]). Defendant's valid appeal waiver precludes his contention that his sentence is harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Almonte, 179 AD3d 1222, 1223-1224 [2020], lv denied 35 NY3d 94 [2020]).
Defendant also contends that County Court abused its discretion in denying his motion to withdraw his plea. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Massia, 131 AD3d 1280, 1281 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 1041 [2015]; see People v Nieves, 166 AD3d 1380, 1380 [2018], lvs denied 33 NY3d 975, 979 [2019]). The record reflects that five days after defendant pleaded guilty, the People provided him with a report from the State Police Forensic Investigation Center. The Center was asked to compare DNA samples from various palm prints found inside and outside of a window of the residence that was burglarized with DNA samples of defendant and a female resident of the home. According to the report, the mixture profile of the swab of DNA found on the inside of the window frame contained the resident's DNA and other unidentified male DNA, but defendant was excluded as a donor. The Center was unable to detect a DNA profile from the palm prints on the outside of the window. The record also reflects that, during the plea colloquy, defendant freely and voluntarily admitted to conduct constituting the crime of attempted burglary in the second degree (see Penal Law §§ 110.00, 140.25 [2]). In our view, the Center's report that excluded defendant's DNA only from the inside of the window frame does not "directly or expressly provide evidence favorable to defendant by negating or placing in doubt his criminal acts" so as to warrant the withdrawal of his plea (People v Fisher, 28 NY3d 717, 722 [2017]; see People v First, 62 AD3d 1043, 1044 [2009], lv denied 12 NY3d 915 [2009]).
Defendant also contends that the People committed a Brady violation (see Brady v Maryland, 373 US 83 [1963]) by not providing the Center's report until after his guilty plea. This claim is unpreserved for our review, however, as it was not raised before County Court (see People v Wright, 166 AD3d 1022, 1022-1023 [2018], lv denied 32 NY3d 1211 [2019]; People v Fort, 146 AD3d 1017, 1019 [2017], lv denied 29 NY3d 1031 [2017]).
Finally, defendant contends that CPL article 245 (as added by L 2019, ch 59, part LLL, § 2) should be applied retroactively to this matter and that the People violated the provisions of CPL 245.25 (2) by an untimely disclosure of the Center's report. Pursuant to CPL 245.25 (2), if the People fail to comply with the requirements of the statute, "the court must consider the impact of any violation on the defendant's decision to accept or reject a plea offer." As noted above, the results contained in the Center's report do not negate defendant's guilt. Moreover, the People advised defendant two weeks prior to him pleading guilty that "numerous items were sent to the [Center] for analysis, and the People will provide copies of any results to the defense upon receipt." Despite being aware of the pending report from the Center, defendant pleaded guilty. Under these circumstances, even assuming, without deciding, that CPL 245.25 (2) should be retroactively applied, we cannot conclude that the alleged violation thereof materially affected defendant's decision to plead guilty.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.