People v Iorio (2020 NY Slip Op 06413)





People v Iorio


2020 NY Slip Op 06413


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

110465

[*1]The People of the State of New York, Respondent,
v
Eric Iorio, Appellant.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Mark A. Diamond, Albany, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 4, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was indicted and charged with one count of burglary in the second degree. After jury selection had commenced, defendant elected to plead guilty as charged with the understanding that he would be sentenced to a prison term of nine years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's plea, the matter was adjourned for sentencing.
Prior to sentencing, defendant wrote to County Court seeking to withdraw his guilty plea — alleging that he had received the ineffective assistance of counsel and claiming that his plea was coerced. In response, County Court assigned new counsel, who filed a formal motion to withdraw defendant's plea. County Court denied that motion and thereafter sentenced defendant as a second felony offender to the contemplated term of imprisonment. This appeal ensued.
Defendant's assertion that County Court abused its discretion in denying his motion to withdraw his plea, as well as his related claim that the plea itself was involuntary, is unpersuasive. "The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court and, generally, such relief will be permitted only where there is evidence of innocence, fraud or mistake in the inducement" (People v Burks, 172 AD3d 1640, 1641 [2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 1102 [2019]; see People v Pizarro, 185 AD3d 1092, 1093 [2020]; People v Harrison, 176 AD3d 1262, 1263-1264 [2019], lv denied 34 NY3d 1016 [2019]). In support of his motion, defendant asserted that he was denied the effective assistance of counsel, that his plea was coerced by both counsel's conduct and the erroneous information he received regarding his maximum sentencing exposure and that his plea was facially insufficient.
Although County Court did not expressly ask defendant whether he had been afforded sufficient time to confer with counsel, the record reflects that defendant was afforded ample opportunity to consider the various plea offers extended to him. Similarly, defendant assured County Court during the plea colloquy that he had not been coerced into relinquishing his trial rights and that he did in fact wish to plead guilty. Further, advising a defendant of the potential maximum sentence to which he or she may be subject "does not generally amount to coercion or render a plea involuntary" (People v LeClair, 182 AD3d 919, 920 [2020], lv denied 35 NY3d 1067 [2020]; see People v Morelli, 46 AD3d 1215, 1216 [2007], lv denied 10 NY3d 814 [2008]). Moreover, even assuming that defendant was provided with inaccurate information regarding his felony offender status and, hence, his maximum sentencing exposure, any confusion in this regard would be a factor to be considered by County Court upon defendant's motion, but it would not be dispositive thereof (see People v DePerno, 148 AD3d 1463, 1464 [2017], lv denied 29 NY3d 1030 [2017]).[FN1] As the record does not otherwise support defendant's claim of coercion or cast doubt upon his guilt, and given that defendant's affirmative responses to County Court's inquiries satisfied the elements of the crime to which defendant pleaded guilty (see People v Gray, 162 AD3d 1248, 1248 [2018]; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]), we find defendant's challenge to the voluntariness and/or sufficiency of the plea itself to be unpersuasive. Finally, absent evidence of innocence, fraud or mistake in the inducement, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw his plea (see People v Harrison, 176 AD3d at 1264; People v Palmer, 174 AD3d 1118, 1119 [2019]).
Defendant's further contention — that County Court failed to comply with the procedures set forth in CPL 400.21 when sentencing defendant as a second felony offender — is unpreserved for our review, as defendant failed to voice any objection in this regard at the time of sentencing (see People v Howell, 178 AD3d 1148, 1149 [2019], lv denied 34 NY3d 1129 [2020]; People v Sands, 157 AD3d 1136, 1138 [2018], lv denied 31 NY3d 986 [2018]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant now argues that he was denied due process because County Court was biased — an assertion predicated upon certain comments that the court made to potential jurors — defendant did not premise his motion to withdraw upon this ground and, as such, this argument is not preserved for our review (see People v Ramos, 179 AD3d 1395, 1396 [2020], lv denied 35 NY3d 973 [2020]).