People v Mercado (2020 NY Slip Op 06826)





People v Mercado


2020 NY Slip Op 06826


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

110780

[*1]The People of the State of New York, Respondent,
v
Ricardo Mercado, Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (Kevin B. Thiemann of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered September 24, 2018, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree (three counts), criminal contempt in the second degree (two counts) and stalking in the third degree (two counts).
Defendant was charged in an indictment with criminal contempt in the first degree (three counts), criminal contempt in the second degree (two counts) and stalking in the third degree (two counts). While released on bail, defendant had further contact with the same victim and was arrested on new charges of, among other things, criminal contempt in the first degree. He thereafter pleaded guilty as charged in the indictment with the understanding that the subsequent charges against him would be dismissed. The plea agreement also required defendant to waive his right to appeal. Prior to sentencing, defendant retained new counsel and moved to withdraw his plea. County Court denied the motion and sentenced defendant to the agreed-upon concurrent prison term of 1&frac13; to 4 years on each conviction of criminal contempt in the first degree and to lesser concurrent sentences on the remaining convictions. Defendant appeals.
We affirm. Regardless of the validity of defendant's appeal waiver, the sufficiency of the evidence presented to the grand jury "cannot be challenged following a guilty plea" (People v Whitehurst, 291 AD2d 83, 87-88 [2002], lv denied 98 NY2d 642 [2002]; see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]; People v Herringshaw, 83 AD3d 1133, 1134 [2011]). Although defendant relies on the exception outlined in People v Pelchat (62 NY2d 97 [1984]) in arguing that he is entitled to challenge the evidence despite his plea, the exception is inapplicable inasmuch as "there is no suggestion that the People doubted the accuracy of the evidence presented to the [g]rand [j]ury in this case" (People v Whitehurst, 291 AD2d at 88; see People v Sczepankowski, 293 AD2d 212, 214 [2002], lv denied 99 NY2d 564 [2002]).
Defendant's contentions that his plea was not knowing, intelligent and voluntary and that County Court erred in summarily denying his motion to withdraw his plea are unpersuasive. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Massia, 131 AD3d 1280, 1281 [2015] [internal quotation marks, brackets and citation omitted], lv denied 26 NY3d 1041 [2015]; see People v Miller, 172 AD3d 1530, 1531 [2019], lv denied 34 NY3d 935 [2019]). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; see People v Roosevelt, 169 AD3d 1117, 1118 [2019]).
In support of his motion to withdraw his plea, defendant asserted that he was innocent and that he was denied the effective assistance of counsel, i.e., that he did not have sufficient time to discuss the plea offers with counsel, that counsel did not explain the plea offers to him, that counsel pressured him into pleading guilty and that he had a poor relationship with counsel at the time of his plea. The transcript of the plea colloquy reflects, however, that defendant assured County Court that he was not threatened or forced into pleading guilty, that he had been provided sufficient time to review the offers with counsel, that counsel explained the offers and that he was satisfied with counsel's representation (see People v LeClair, 182 AD3d 919, 920 [2020], lv denied 35 NY3d 1067 [2020]; People v Wrest, 159 AD3d 1274, 1275 [2018]). Defendant then unequivocally admitted to engaging in the charged conduct and made no statements that called into question his guilt. Although defendant points to an affidavit made by the victim that negated certain elements of the crimes as support for his claims of innocence, the affidavit was previously submitted by defendant as part of his omnibus motion and, therefore, he was aware of it at the time of his plea (see People v Beaver, 150 AD3d 1325, 1325 [2017]). Under these circumstances, defendant's allegations did not undermine the voluntariness of his plea and we find no abuse of the court's discretion in denying defendant's motion (see People v Burnell, 183 AD3d 931, 933 [2020], lv denied 35 NY3d 1043 [2020]; People v LeClair, 182 AD3d at 920).
Lynch, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.