People v Mills (2020 NY Slip Op 07631)





People v Mills


2020 NY Slip Op 07631


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

112318

[*1]The People of the State of New York, Respondent,
v
Alvin J. Mills, Appellant.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Joseph A. Ermeti, Public Defender, Delhi (George V. Collins III of counsel), for appellant.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Delaware County (Northrup Jr., J.), rendered January 13, 2020, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree.
In November 2019, defendant waived indictment and consented to be charged in a superior court information with sexual abuse in the first degree and endangering the welfare of a child. In full satisfaction thereof, defendant pleaded guilty to the reduced charge of attempted sexual abuse in the first degree and orally waived the right to appeal. Prior to sentencing, defendant notified the court by letter that he was not comfortable with his decision to plead guilty and accused his attorney of not representing him adequately. Defendant was subsequently assigned a new attorney and moved to withdraw his plea, alleging his innocence and that his decision to plead guilty was influenced by his prior counsel and was not knowing and intelligent. In January 2020, County Court denied the motion and, consistent with the terms of the plea agreement, ultimately sentenced defendant to two years in prison to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant challenges the voluntariness of his plea based upon alleged ineffective assistance of counsel and contends that County Court therefore abused its discretion in denying his motion to withdraw his plea. Initially, inasmuch as defendant's challenge concerns the voluntariness of his plea, his claim is not foreclosed by the unchallenged appeal waiver and is preserved by his motion to withdraw his plea (see People v LeClair, 182 AD3d 919, 919 [2020], lv denied 35 NY3d 1067 [2020]; People v Ozuna, 177 AD3d 1040, 1041 [2019], lv denied 35 NY3d 972 [2020]; People v Harrison, 176 AD3d 1262, 1263 [2019], lv denied 34 NY3d 1016 [2019]). "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Pizarro, 185 AD3d 1092, 1093 [2020] [internal quotation marks and citations omitted]; accord People v Harrison, 176 AD3d at 1263-1264). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; see People v Brown, 14 NY3d 113, 116 [2010]).
Here, County Court conducted a thorough and detailed plea colloquy during which defendant confirmed his understanding of the plea agreement, the trial-related rights that he was automatically forfeiting by pleading guilty and the consequences of pleading guilty. Defendant stated that he "[a]bsolutely" wanted to plead guilty, and he assured the court that he had spoken with his counsel about the case as well as his decision to plead guilty, that he did [*2]not need additional time to speak to his counsel about his decision to plead guilty and that he was satisfied with the services that his counsel provided to him. Defendant also stated that he had not been threatened, forced or pressured into pleading guilty and admitted to engaging in the conduct constituting the crime to which he pleaded guilty. In view of the foregoing, we find that "nothing in the record at the time of the plea calls into question the voluntariness of [the] plea or indicates that it was rendered so due to counsel's representation" (People v Trimm, 129 AD3d 1215, 1216-1217 [2015] [internal quotation marks and citation omitted]; accord People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]; see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]). Further, absent some evidence of innocence, fraud or mistake in the plea's inducement, we are unpersuaded that County Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Diggs, 178 AD3d 1203, 1205 [2019], lv denied 34 NY3d 1158 [2020]; People v Ozuna, 177 AD3d at 1041; People v Harrison, 176 AD3d at 1264; People v Trimm, 129 AD3d at 1216). To the extent that defendant alleges that his prior counsel failed to properly advise him regarding the decision to plead guilty, this claim implicates matters outside of the record and, therefore, is more properly the subject of a CPL article 440 motion (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]; People v Muller, 159 AD3d 1232, 1233 [2018]; People v Brown, 115 AD3d at 1116).
Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.