People v Trichilo (2021 NY Slip Op 06114)





People v Trichilo


2021 NY Slip Op 06114


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

111130
[*1]The People of the State of New York, Respondent,
v
Maurice Trichilo, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Donnial K. Hinds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), rendered January 9, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a pending indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. The relevant terms of the plea agreement provided that sentencing would be adjourned so that defendant could apply for and, if accepted, participate in a drug court treatment program. If defendant did participate and was successful, he would be permitted to withdraw his plea and plead guilty to a misdemeanor drug possession charge. If his participation proved unsuccessful, defendant would face a sentence of up to six years in prison to be followed by three years of postrelease supervision.
Defendant was accepted into the drug court treatment program and, despite several admitted violations of its terms, was permitted to continue participating in it. He then stopped attending treatment and failed to attend a court appearance to discuss that failure, at which point a bench warrant was issued for his arrest. He was arrested in connection with a new drug offense several months later, after which he appeared before Supreme Court and indicated that he wished to withdraw his guilty plea. Supreme Court appointed new counsel to prepare a formal motion to withdraw the plea, which was submitted and denied without a hearing. Supreme Court then determined that defendant had violated the drug court agreement and sentenced him, as a second felony drug offender, to a prison term of four years and postrelease supervision of two years. Defendant appeals and we affirm.
Defendant argues that Supreme Court abused its discretion in denying his motion to withdraw his plea without a hearing, and that contention survives defendant's unchallenged appeal waiver given its connection to the voluntariness of his plea (see People v Mills, 189 AD3d 1826, 1827 [2020]; People v LeClair, 182 AD3d 919, 919 [2020], lv denied 35 NY3d 1067 [2020]). Whether to permit a defendant to withdraw his or her guilty plea is left to the sound discretion of the trial court, and permission will ordinarily not be granted absent some evidence of innocence, fraud or mistake in the plea's inducement (see People v Mills, 189 AD3d at 1827; People v Mercado, 188 AD3d 1418, 1419 [2020]). Further, no evidentiary hearing is required on such a motion unless the record reveals a genuine question of fact as to whether the plea was voluntarily entered (see id.).
Defendant alleged in his motion papers — which were not included in the record on appeal but, as court records, we will take judicial notice of — that the plea was involuntary because he was intoxicated during the plea colloquy and failed to appreciate the strength of the evidence against him due to the ineffective assistance of his then[*2]-counsel (see Oakes v Muka, 56 AD3d 1057, 1059 [2008]). The former argument is belied by defendant's statements during the plea colloquy, when he acknowledged that he was thinking clearly and was not under the influence of drink or other intoxicants. As for the latter argument, the alleged failure of defendant's then-counsel to sufficiently review a piece of evidence with him "implicates matters outside of the record and, as such, is more properly the subject of a CPL article 440 motion" (People v Keaton, 122 AD3d 954, 955 [2014], lv denied 24 NY3d 1220 [2015]; see People v Mills, 189 AD3d at 1828). The record itself reflects that counsel negotiated a favorable plea agreement that would have resulted in a misdemeanor conviction had defendant completed the drug court treatment program, and defendant acknowledged during the plea colloquy that he had fully discussed the plea offer with his counsel and was "[e]xtremely" satisfied with counsel's services, after which he admitted to committing the crime to which he pleaded guilty. Accordingly, we find nothing in the record at the time of the plea that calls its voluntariness into question (see People v Mills, 189 AD3d at 1828; People v Trimm 129 AD3d 1215, 1216-1217 [2015]). Thus, as defendant's allegations are contradicted by the record, and there is no other "record evidence of innocence, fraud or mistake in the inducement of the plea, we cannot conclude that [Supreme] Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing" (People v LaPierre, 189 AD3d 1813, 1816 [2020], lv denied 36 NY3d 1098 [2021]; see CPL 220.60 [3]; People v Seeber, 4 NY3d 780, 781-782 [2005]; People v Wrest, 159 AD3d 1274, 1275 [2018]; People v Obert, 1 AD3d 631, 632 [2003], lv denied 2 NY3d 764 [2004]).
Defendant finally asserts that counsel appointed to prepare the motion to withdraw his plea was ineffective in failing to include defendant's affidavit or other proof regarding his interactions with former counsel. However, as the assertions in that motion are contradicted by defendant's plea allocution and find no other record support, they would not have entitled him to withdraw his plea even if they were presented via other proof. Defendant stood little chance of success on the motion with or without that proof, in other words, and counsel's failure to provide it did not deprive defendant of meaningful representation (see People v Pittman, 166 AD3d 1243, 1245-1246 [2018], lv denied 32 NY3d 1176 [2019]).
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.