People v Hewitt (2022 NY Slip Op 00079)





People v Hewitt


2022 NY Slip Op 00079


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

112648
[*1]The People of the State of New York, Respondent,
v
James Hewitt, Appellant.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Steven M. Sharp, Albany, for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 23, 2020, convicting defendant upon his plea of guilty of the crime of promoting a sexual performance by a child.
Defendant and his wife were charged in a 14-count indictment with various sex crimes stemming from their conduct, during the summer of 2019, in taking pictures of children under the age of 17 in varying degrees of nudity using a camera in a pen in the bathroom of an amusement park in Warren County. In satisfaction of all charges,[FN1] defendant pleaded guilty to promoting a sexual performance by a child as charged in count 11 of the indictment, admitting that he and his wife took pictures of partially or fully nude children under 17 years old. In exchange, defendant was promised a prison term of no less than 1 to 3 years and no more than 2 to 6 years, and was required to waive his right to appeal. Prior to sentencing, defendant retained new counsel and moved to withdraw his plea as not knowing, voluntary and intelligent premised upon the People's claimed failure to comply with CPL article 245, the new discovery statute. Defendant also argued that he was denied the effective assistance of counsel at the time of his plea. County Court denied the motion in a written decision. In accordance with the plea agreement, County Court sentenced defendant to a prison term of 2 to 6 years. Defendant appeals.
We affirm. Defendant argues that the People's failure to comply with the CPL article 245 disclosure requirements prior to his guilty plea and counsel's ineffectiveness rendered his plea not knowing, voluntary and intelligent, and required that his motion to withdraw his plea be granted. Defendant's challenge to the voluntariness of his plea survives his unchallenged waiver of appeal and is preserved by his motion to withdraw his plea (see People v Mills, 189 AD3d 1826, 1827 [2020]). In 2019, CPL article 245 was adopted, which imposed on the People broad automatic disclosure obligations including prior to guilty pleas (see CPL 245.20, 245.25), replacing CPL article 240; it became effective as of January 1, 2020 (L 2019, ch 59, part LLL, § 2; see William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 245.10, 2021 Cumulative Pocket Part at 8).[FN2] Pursuant to CPL 245.20 (1), the prosecution must disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," including, as relevant here, when the prosecution has made a guilty plea offer to resolve an indictment (see CPL 245.25 [2]). As the People acknowledge, defendant entered a guilty plea on February 19, 2020 and, thus, CPL article 245 was in effect and applied to his plea (compare People v Pizarro, 185 AD3d 1092, 1093 [2020]).[FN3] Although timely disclosure must occur at least seven days before any plea offer is set to expire, here [*2]the record does not reflect that there was a deadline on the plea offer (see CPL 245.25 [2]). Where, as here, defendant makes a motion premised upon the People's noncompliance with this provision, "the court must consider the impact of any violation on the defendant's decision to accept or reject a plea offer" (CPL 245.25 [2]; see William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 245.10, 2021 Cumulative Pocket Part at 26-27).[FN4]
The record reflects that, in 2019, the People served a trial readiness packet within days of the October arraignment and then responded to counsel's demand to produce with extensive disclosure in November. In December 2019, during ongoing plea negotiations concerning this indictment and the charges pending in Albany County, defense counsel represented to County Court, in writing, that the People had provided the defense "with most, if not all, of the discovery related to this matter" and waived "any timeliness objections as it relates [sic] to discovery in connection with this matter." As such, the defense waived compliance with the disclosure required prior to defendant's guilty plea (see CPL 245.25 [2]; 245.75).[FN5] Even if that waiver were not sufficient, the People substantially complied with the disclosure requirements; although the prosecutor concededly did not turn over the grand jury minutes as required (see CPL 245.20 [b]), our review of those minutes fails to substantiate defendant's conclusory claim that their nondisclosure had any impact on his decision to accept the plea offer, as the minutes do not negate his guilt and given the extensive timely disclosure of similar information to defense counsel (see CPL 245.25 [2]).[FN6] With regard to the People's failure to file and serve a certificate of compliance with the disclosure rules, that requirement is tied to the People's readiness for trial (see CPL 245.50 [3]; William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 245.10, 2021 Cumulative Pocket Part at 27-28), and the provision governing disclosure prior to guilty pleas does not expressly require such a certificate (see CPL 245.25). In any event, there is no basis upon which to conclude that the failure to file a certificate impacted defendant's decision to enter a guilty plea.
We similarly find without merit defendant's arguments that he was denied the effective assistance of counsel at the time of his guilty plea, to the extent that such claims were raised and preserved in his motion to withdraw his plea (see CPL 220.60 [3]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v LaPierre, 195 AD3d 1301, 1306 [2021] [internal quotation marks and citations omitted]). Defense counsel secured a favorable plea deal that required defendant to enter a guilty plea to only one of the [*3]six indicted charges against him, avoided potential consecutive sentencing for the distinct crimes (see Penal Law § 70.25 [2]), ensured a sentence less than the maximum for the crime to which he was entering a guilty plea and permitted him to advocate for a minimum sentence (see Penal Law § 70.00 [2] [d]). Counsel also negotiated for concurrent sentences on the Albany County charges.
Moreover, contrary to defendant's claims in moving to withdraw his plea, after he was sworn in during the plea allocution, he assured County Court that he was satisfied with counsel's representation, he had sufficient time to discuss his plea with counsel, his learning disability did not prevent him from understanding the proceedings and he had been able to effectively communicate with counsel, who had explained the law and his options including going to trial. Defendant indicated that he understood that his guilty plea would waive any defenses and, when counsel advised the court that he had discussed with defendant the strength of the People's case and available defenses, defendant did not contradict him, raise any concerns or ask any questions when provided with the opportunity to do so. Defendant has not shown that counsel's decision to pursue plea negotiations and not file an omnibus motion lacked a legitime strategic reason or that such a motion would have had colorable merit (see People v Caban, 5 NY3d 143, 152 [2005]; People v Sabin, 179 AD3d 1401, 1403 [2020], lv denied 35 NY3d 995 [2020]). To the extent that many of defendant's claims concern matters appearing both on and outside of the record regarding counsel's representation, such as what counsel investigated, they are more properly addressed together in a motion pursuant to CPL article 440 (see People v McCoy, 198 AD3d 1021, 1023 [2021]; People v Taylor, 156 AD3d 86, 89-92 [2017], lv denied 30 NY3d 1120 [2018]).
"Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Simpson, 196 AD3d 996, 997 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1029 [2021]). Defendant has not shown any such basis to have warranted permitting him to withdraw his plea. To that end, the transcript of the plea allocution demonstrates that defendant was clearly advised of the plea terms and the trial rights he was foregoing by a guilty plea, and unequivocally admitted the charged conduct. Given our conclusion that defendant's challenges to his guilty plea are not supported by or are contradicted by the record, which reflects that his guilty plea was a knowing, voluntary and intelligent choice among alternative courses of action, we find that County Court did not abuse its discretion in denying his motion to withdraw his guilty plea, without a hearing (see People v Conceicao, 26 NY3d 375, 382 [2015]; People [*4]v Mills, 189 AD3d at 1828; People v Burks, 187 AD3d 1405, 1406-1407 [2020], lv denied 36 NY3d 1095 [2021]). Defendant's remaining claims have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: It was noted that defendant was also charged with similar conduct in Albany County. County Court made clear that the sentencing court in Albany County would thereafter decide whether to impose any sentence concurrently or consecutively to the Warren County sentence, but that the expectation was that defendant would receive the same sentence as imposed in Warren County, to be served concurrently. The record does not reflect the disposition of the Albany County charges.

Footnote 2: CPL article 245 was further amended effective May 3, 2020 (L 2020, c 56, pt HHH, § 1).

Footnote 3: As such, the retroactivity analysis urged by defendant is unnecessary.

Footnote 4: CPL 245.25 (2) further provides that, "[i]f the court finds that such violation materially affected the defendant's decision, and if the prosecution declines to reinstate the lapsed or withdrawn plea offer, the court — as a presumptive minimum sanction — must preclude the admission at trial of any evidence not disclosed as required under this subdivision" (emphases added). We read that sanction provision, and the "materially affect[s]" standard, as applying only where either a defendant declines a plea offer or it lapses or is withdrawn and defendant later claims that full disclosure did not occur. Accordingly, the "materially affect[s]" standard should not have been employed in People v Pizarro (185 AD3d at 1094), where the defendant pleaded guilty.

Footnote 5: In May 2020, after defendant's guilty plea, CPL 245.75 (1) was amended to require that the court conduct an inquiry with defendants to ensure their understanding of their right to discovery and to waive discovery. Notably, the plea agreement was not impermissibly conditioned on defendant waiving automatic disclosure under CPL article 245 (see CPL 245.25.[2]).

Footnote 6: County Court's decision denying defendant's motion to withdraw his guilty plea does not mention or reflect that it reviewed the grand jury minutes, which were provided to defense counsel for purposes of this appeal and, thus, we exercise our independent authority to review this evidence to determine if its nondisclosure impacted the knowing, voluntary and intelligent nature of defendant's guilty plea.