People v Stockwell (2022 NY Slip Op 01851)





People v Stockwell


2022 NY Slip Op 01851


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112402
[*1]The People of the State of New York, Respondent,
v
Michael Stockwell, Appellant.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Adam G. Parisi, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 3, 2020, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of a six-count indictment, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and was required to waive his right to appeal. Prior to sentencing, defendant moved to withdraw his plea. County Court denied the motion and sentenced defendant to an aggregate prison term of nine years, to be followed by a period of postrelease supervision. Defendant appeals.
We affirm. Initially, defendant's combined oral and written waiver of the right to appeal is valid. Defendant was advised that an appeal waiver was a condition of his plea agreement, and County Court explained the separate and distinct nature of the waiver, which defendant acknowledged that he understood (see People v Blanchard, 188 AD3d 1414, 1415 [2020], lv denied 36 NY3d 1055 [2021]; People v Purnell, 186 AD3d 1834, 1834 [2020], lv denied 36 NY3d 975 [2020]). Defendant also executed a written waiver that expressly informed him that certain appellate review survives an appeal waiver, and defendant affirmed that he had discussed the waiver with counsel and understood its ramifications (see People v Thomas, 34 NY3d 545, 561 [2019]; People v Hernandez, 188 AD3d 1357, 1358 [2020], lv denied 36 NY3d 1057 [2021]). In light of the foregoing, we conclude that defendant's waiver of his right to appeal was knowing, intelligent and voluntary (see People v Mirel, 194 AD3d 1198, 1199 [2021]; People v Eaton, 182 AD3d 922, 923 [2020]). Defendant's valid appeal waiver precludes our review of his claim that the sentence imposed was harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Bass, 189 AD3d 1977, 1978 [2020], lv denied 36 NY3d 1095 [2021]).
Defendant also challenges the voluntariness of his plea and contends that County Court abused its discretion in denying his motion to withdraw his plea. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Simpson, 196 AD3d 996, 997 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1029 [2021]; see People v Iorio, 188 AD3d 1352, 1352-1353 [2020], lv denied 36 NY3d 1051 [2021]). In support of his motion, defendant asserted that his guilty plea was influenced by the guilty plea of his codefendant, who is also his spouse, which was entered earlier the same day as defendant's plea and, according to defendant, included statements implicating him in the charged crimes. The record, however, belies his claim that the plea was coerced or entered under emotional distress. The plea colloquy reflects that defendant acknowledged [*2]that he had discussed the strengths and weaknesses of his case, potential defenses, trial strategy and the ramifications of the plea agreement with counsel and that he had decided to plead guilty rather than go to trial. Defendant indicated that he felt physically and mentally fine at the time of his plea and that no one had threatened or forced him to plead guilty against his free will. Upon entering his guilty plea, defendant admitted to the conduct that constituted the crimes at issue and made no statements during the colloquy that called into question his guilt. In light of the foregoing, we find defendant's challenge to the voluntariness of his plea to be unpersuasive, and we find no abuse of discretion in County Court denying defendant's motion (see People v Mercado, 188 AD3d 1418, 1420 [2020]; People v Iorio, 188 AD3d at 1353-1354; People v Burks, 187 AD3d 1405, 1406-1407 [2020], lv denied 36 NY3d 1095 [2021]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.