People v Ruest (2022 NY Slip Op 03775)

People v Ruest

2022 NY Slip Op 03775

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

112504
[*1]The People of the State of New York, Respondent,
v
Marc R. Ruest, Appellant.

Calendar Date:May 20, 2022

Before:Lynch, J.P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 20, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that County Court would impose a determinate term of imprisonment ranging from four years to seven years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter sentenced him to a prison term of 5½ years followed by two years of postrelease supervision. This appeal ensued.
We affirm. Contrary to defendant's assertion, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. Defendant was aware that a waiver of the right to appeal was a term and condition of his plea agreement, County Court explained that defendant's appellate rights were separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty and defendant communicated his understanding thereof (see People v Stockwell, 203 AD3d 1407, 1408 [2022]; People v Thaxton, 191 AD3d 1166, 1167 [2021], lv denied 37 NY3d 960 [2021]). Additionally, after conferring with counsel, defendant executed a detailed written waiver in open court, which expressly delineated the appellate issues that were — and were not — encompassed by the waiver, and defendant confirmed that he reviewed the written waiver with counsel, understood its contents and had no questions relative thereto (see People v Stockwell, 203 AD3d at 1408; People v Howell, 178 AD3d 1148, 1148 [2019], lv denied 34 NY3d 1129 [2020]). Under these circumstances, we are satisfied that defendant's appeal waiver is valid. In light of the valid appeal waiver, defendant's challenge to the perceived severity of his sentence is precluded (see People v Crampton, 201 AD3d 1020, 1021 [2022], lv denied 37 NY3d 1160 [2022]).
Lynch, J.P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.