People v Peterson (2024 NY Slip Op 01747)

People v Peterson

2024 NY Slip Op 01747

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

111551
[*1]The People of the State of New York, Respondent,
v
Ronald D. Peterson, Appellant.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Jeffrey R. Parry, Oneida, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered July 17, 2018, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was charged in an eight-count indictment with various sex crimes involving two separate children, including a top count of predatory sexual assault against a child — a class A-II felony. In full satisfaction of the indictment, defendant was afforded the opportunity to plead guilty to the reduced charge of criminal sexual act in the first degree — a class B felony — with the understanding that he would be sentenced to a prison term of five years followed by 15 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and thereafter was assigned new counsel to facilitate his request to withdraw his plea, an argument premised upon claims of duress and the ineffective assistance of counsel. Defendant's subsequent motion to withdraw his plea was unsuccessful, and County Court imposed the agreed-upon sentence. Defendant appeals.
Defendant initially contends that County Court erred in granting the People's request for a protective order, which directed the People to release a recorded interview of one of the victims by a child advocate to defense counsel for purposes of preparing for trial, but precluded counsel from distributing the video or any transcript made of the video with defendant. Defendant forfeited this argument by pleading guilty, "because the forfeiture occasioned by a guilty plea extends to claims premised upon . . . motions relating to discovery, such as the People's motion for a protective order" (People v Salters, 187 AD3d 1677, 1677 [4th Dept 2020] [internal quotation marks and citation omitted], lv denied 36 NY3d 975 [2020]; see e.g. People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]; People v Rhodes, 203 AD3d 1316, 1318 [3d Dept 2022]; People v Abraham, 165 AD3d 1318, 1320 [3d Dept 2018]). His conclusory assertion that the videotape contained exculpatory material is insufficient to trigger an exception for an alleged Brady violation (compare People v Wilson, 159 AD3d 1600, 1601 [4th Dept 2018]).
Defendant's further assertion that his plea was effectively coerced by the restrictions imposed by the protective order — an argument not raised in his motion to withdraw his plea — is belied by the plea colloquy. In the course of that proceeding, defendant assured County Court that he had been afforded sufficient time to confer with counsel regarding the evidence against him and his chances of success at trial, and denied that he had been forced, threatened, coerced or otherwise had his "arm twisted" into pleading guilty (see People v Salters, 187 AD3d at 1677; People v Weston, 145 AD3d 746, 747 [2d Dept 2016], lv denied 29 NY3d 1088 [2017]).
Finally, we are unpersuaded that County Court abused its discretion in [*2]denying defendant's motion to withdraw his plea without a hearing. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, . . . withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement . . . [and] an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Rodriguez, 206 AD3d 1383, 1385 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see People v Trichilo, 199 AD3d 1125, 1126 [3d Dept 2021]). Defendant's claims of duress are contradicted by the record (see People v Trichilo, 199 AD3d at 1126; People v Gasparro, 139 AD3d 1247, 1248 [3d Dept 2016], lv denied 28 NY3d 929 [2016]), and his "unsupported claim of innocence is insufficient to undermine the voluntariness of his plea" (People v Rodriguez, 206 AD3d at 1385; see People v Washburn, 192 AD3d 1267, 1269 [3d Dept 2021], lv denied 37 NY3d 961 [2021]).
In supplemental submissions, defendant focuses on the error of substituted counsel in offering an opinion relative to his claim of ineffective representation by prior counsel. We agree that the footnote to this effect in counsel's motion submission upon defendant's behalf was both unnecessary and inappropriate. Nonetheless, we do not find it to have undermined defendant's request, particularly when viewed in the light of the highly advantageous plea, so as to require reversal in this matter (see People v Washington 25 NY3d 1091, 1095 [2015]; People v Thaxton, 191 AD3d 1166, 1168 [3d Dept 2021], lv denied 37 NY3d 960 [2021]; People v Sylvan 108 AD3d 869, 870-871 [3d Dept 2013], lv denied 22 NY3d 1091 [2014]; compare People v Faulkner, 168 AD3d 1317, 1319 [3d Dept 2019]; People v McCray,106 AD3d 1374, 1375 [3d Dept 2013]). Accordingly, we discern no abuse of discretion in the denial of defendant's motion (see People v Nealon, 166 AD3d 1225, 1226 [3d Dept 2018]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.