People v Graham (2024 NY Slip Op 06078)

People v Graham

2024 NY Slip Op 06078

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

112064B 112065B
[*1]The People of the State of New York, Respondent,
v
Marlon Ricardo Graham, Appellant.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Alexis K. Rounds, Kingston, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Powers, J.
Appeals (1) from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered April 18, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree, and (2) from a judgment of said court, rendered April 18, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.
Defendant was charged in two multicount indictments, handed up in November 2018 and December 2018, with various drug-related crimes. Following consolidation of the indictments, defendant pleaded guilty to count 1 of the first indictment, charging him with criminal possession of a controlled substance in the second degree, and to count 3 of the second indictment, charging him with criminal possession of a controlled substance in the first degree. As part of the negotiated plea, defendant agreed to waive his right to appeal. At sentencing, it was noted that recent laboratory tests from the US Department of Justice indicated that the heroin defendant was charged with possessing in count 1 of the second indictment, but to which defendant did not plead guilty, was not heroin. Based upon this new information, defense counsel requested an adjournment of sentencing for the purpose of filing a motion to withdraw defendant's guilty plea, and defendant stated on the record that he wished to go to trial. County Court denied the request for adjournment, finding no basis for a motion to withdraw the plea and stated, albeit in passing, that defendant's guilty plea was voluntarily entered. Defendant was thereafter sentenced in accordance with the plea agreement to a prison term of 15 years, to be followed by five years of postrelease supervision, on his conviction of criminal possession of a controlled substance in the first degree and to a lesser concurrent term on his conviction of criminal possession of a controlled substance in the second degree. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (217 AD3d 1128, 1129 [3d Dept 2023]).
Initially, defendant's contention that County Court abused its discretion in denying his request for adjournment to allow him to move to withdraw his guilty plea is precluded by his unchallenged waiver of his right to appeal (cf. People v McErlean, 149 AD3d 872, 873 [2d Dept 2017], lv denied 29 NY3d 1083 [2017]; People v Lee, 96 AD3d 1522, 1527 [4th Dept 2012]). As to defendant's contention that the newly discovered information rendered his plea involuntary, although this claim is not precluded by his unchallenged appeal waiver (see People v Brabant, 229 AD3d 892, 894 [3d Dept 2024]), we nevertheless find it to be without merit. By requesting an adjournment for the expressed purpose of filing a motion to withdraw his plea, defendant's request put County Court on notice of his challenge to the voluntariness of the [*2]plea based upon the new information, thereby satisfying the purposes of preservation despite having not formally moved (see generally People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]; People v Gray, 86 NY2d 10, 20 [1995]).[FN1]
Nevertheless, we agree with County Court's finding that defendant's guilty plea was voluntarily entered. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Rodriguez, 206 AD3d 1383, 1385 [3d Dept 2022] [internal quotation marks and citations omitted]). Here, defendant affirmed on the record during the plea colloquy that, relevant to the first indictment, he did possess more than two ounces of a substance that did test positive to be methamphetamine and, relevant to the second indictment, that he did possess 33 ounces of the narcotic drug fentanyl. Notably, during this time defendant confirmed that he had conferred with counsel and had adequate time to do so, as well as that he had not been forced or threatened, and that he was pleading guilty voluntarily (see People v Vazquez, 222 AD3d 1104, 1105 [3d Dept 2023], lv denied 41 NY3d 944 [2024]). Despite his contention to the contrary, defendant's admitted guilt to these counts is not negated by his confirmed innocence of other counts contained in the underlying indictments but to which he did not plead guilty. Therefore, inasmuch as "defendant admitted to the conduct that constituted the crimes at issue and made no statements during the colloquy that called into question his guilt" of the counts to which he pleaded guilty, the court did not abuse its discretion in finding his guilty plea to have been voluntarily entered and that there was no basis to withdraw the plea (People v Stockwell, 203 AD3d 1407, 1409 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; see People v Hewitt, 201 AD3d 1041, 1045 [3d Dept 2022], lv denied 38 NY3d 928 [2022]). Although not determinative, we do note that defendant has not maintained that he was innocent of those counts to which he pleaded guilty, and, thus, "this is not a situation where the defendant might have been completely innocent but bargained for a lesser sentence to avoid the vagaries of a trial and the possibility of a larger sentence" (People v Cook, 42 AD2d 20, 21 [3d Dept 1973]).
Egan Jr., J.P., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: However, to the extent defendant relatedly argues that he received ineffective assistance of counsel which impacted the voluntariness of his plea, this contention is unpreserved as this did not serve as the basis for his request to adjourn for the purpose of moving to withdraw his guilty plea (see People v Nunnally, 224 AD3d 992, 993-994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]). Nevertheless, as to defendant's argument that denial of his request for adjournment deprived him of the opportunity to confer with counsel, defendant's counsel affirmed on the record that he conferred with defendant regarding this new information and, assumingly, determined that the best course of action was that which was taken.