People v Wade

2026 NY Slip Op 03337

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jerome Wade, Appellant.

Decided and Entered:May 28, 2026

CR-25-1295

Calendar Date: April 30, 2026

Before: Pritzker, J.P., Fisher, Mcshan And Corcoran, JJ.

Rosenberg Law Firm, Brooklyn (Samantha Imber of counsel), for appellant.

Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

[*1]

McShan, J.

Appeal from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered May 30, 2025, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

As the result of a tip, defendant's parole officer and others searched defendant's residence in April 2017 and found, among other things, cocaine hidden in the kitchen ceiling. Defendant was thereafter charged in an indictment with criminal possession of a controlled substance in the second degree and criminally using drug paraphernalia in the second degree. In October 2019, after his efforts to suppress the evidence recovered from the search and to secure the testimony of a potentially favorable trial witness proved unsuccessful, defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of the indictment and purportedly waived his right to appeal.FN1 The plea agreement contemplated that defendant would be sentenced, as a second felony drug offender with a prior violent felony conviction, to no less than eight and no more than 12½ years in prison, to be followed by five years of postrelease supervision. Defendant was warned, however, that the sentencing commitment would not be binding and that he could face up to 17 years in prison if he, among other things, was arrested on new charges or failed to appear for sentencing. Having been so warned, defendant was released pending sentencing in December 2019.

Defendant failed to appear for sentencing and remained at large until January 2025, when he was arrested in Kings County on new charges. County Court denied his ensuing motion to withdraw the plea without a hearing and, following an Outley hearing, determined that an enhanced sentence would be appropriate. Defendant was thereafter sentenced, as a second felony drug offender previously convicted of a violent felony, to 14 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.

The People initially concede, and we agree, that defendant's appeal waiver is invalid (see People v Miller, 221 AD3d 1177, 1178 [3d Dept 2023]). Turning to defendant's remaining challenges, we affirm.

Defendant's challenge to the voluntariness of his plea, as well as his related claim regarding the ineffective assistance of counsel to the extent that it impacted upon that plea, are preserved insofar as they were advanced in his unsuccessful motion to withdraw the plea (see People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025], lv denied 44 NY3d 1068 [2026]; People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]). That said, whether to permit a defendant to withdraw a guilty plea is a matter within the sound discretion of the trial court, and withdrawal will not ordinarily be permitted absent some evidence of innocence, fraud or mistake in its inducement (see People v Ouderkirk, 244 AD3d 1371, 1375-1376 [3d Dept 2025]; People v Scully, 242 AD3d at 1260). Notably[*2], "[o]nly in the rare instance will a defendant be entitled to an evidentiary hearing" upon such a motion (People v Baret, 11 NY3d 31, 33 [2008] [internal quotation marks and citation omitted]; see People v Morris, 237 AD3d 1325, 1326 [3d Dept 2025]).

Here, defendant engaged in a comprehensive plea colloquy during which he confirmed his understanding of the terms of the plea agreement, the trial-related rights that he was automatically forfeiting by pleading guilty and the consequences that would flow from his doing so. He further agreed that he was not under the influence of drugs or alcohol and was thinking clearly, as well as that he had fully discussed the relevant issues in his case with defense counsel and was satisfied with counsel's representation. Defendant then made clear that he had not been threatened, coerced or forced into pleading guilty and that no off-the-record promises had been made to induce him to do so, and he proceeded to admit that he was, in fact, guilty and that he had engaged in the conduct underlying the crime to which he was pleading guilty. This colloquy thoroughly contradicts the claims made by defendant in his motion to withdraw — claims that are, we note, unsupported by anything else in the record — such as that he was innocent, impaired by marihuana during the plea proceedings and/or felt compelled to plead guilty for various reasons.FN2 Accordingly, "[a]s there is nothing in the record to substantiate defendant's contentions or cast doubt upon [his] guilt, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing" (People v Harrison, 176 AD3d 1262, 1264 [3d Dept 2019], lv denied 34 NY3d 1016 [2019]; see People v Scully, 242 AD3d at 1260; People v Williams, 235 AD3d at 1068; People v Mills, 189 AD3d 1826, 1827 [3d Dept 2020]).

Defendant further contends that his plea was involuntary and that he received ineffective assistance during the plea colloquy in that, although he was accurately advised of his potential sentencing exposure, he was mistakenly referred to as a "second violent felony offender" at one point and was not specifically told that he would be sentenced as a second felony drug offender previously convicted of a violent felony (see Penal Law §§ 70.06 [1]; 70.71 [1] [b]; [4] [b] [ii]). Defendant failed to preserve those arguments for our review by raising them in his motion to withdraw and, notwithstanding his claim to the contrary, he needed to do so given his awareness of his actual sentencing exposure (see People v Gouge, 239 AD3d 1143, 1144-1145 [3d Dept 2025]; People v Anthony, 52 AD3d 864, 865 [3d Dept 2008], lv denied 11 NY3d 733 [2008]; compare People v Scott, 44 NY3d 302, 306-307 [2025]). We would, in any event, reject those arguments given defendant's awareness of his sentencing exposure (see People v Kimball, 213 AD3d 1028, 1030 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).

Finally, after considering defendant's criminal history and his lack [*3]of remorse, we cannot say that the sentence imposed, which was below the statutory maximum, was unduly harsh or severe (see People v Murray, 155 AD3d 1106, 1111 [3d Dept 2017], lv denied 31 NY3d 1015 [2018]). To the extent that defendant's arguments have not been specifically addressed, they have been examined and are without merit.

Pritzker, J.P., Fisher and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed.

Footnotes

Footnote 1

In a prior appeal by the People, this Court reversed a trial court's order suppressing the evidence (172 AD3d 1644, 1644-1645 [3d Dept 2019], lv denied 33 NY3d 1109 [2019]).

Footnote 2

To the extent that the arguments advanced by defendant in his motion involved matters outside the record, such as his suggestion that defense counsel was ineffective in failing to properly investigate the matter or pursue potential speedy trial issues, they are more properly explored in a CPL article 440 motion (seePeople v Johnson, 77 AD3d 986, 987 [3d Dept 2010], lv denied 16 NY3d 743 [2011]).