Mulvey, J.
 

 Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 23, 2017, convicting defendant upon his plea of guilty of the crimes of leaving the scene of an incident without reporting and tampering with physical evidence.
 

 While driving in the Town of Rotterdam, Schenectady County, defendant struck a pedestrian, causing his death. Defendant left the scene without reporting the incident and subsequently repaired damage to the vehicle. It was not until approximately a month after the incident that detectives were led to defendant, who then turned himself in to police. Defendant was indicted for the crimes of leaving the scene of an incident without reporting, as a felony, and tampering with physical evidence. Defendant pleaded guilty to both charges with no sentencing commitment from County Court. Thereafter, defendant was sentenced to a prison term of 2 to 6 years for the conviction of leaving the scene of an incident and a concurrent prison term of IV3 to 4 years for the conviction of tampering with physical evidence. Defendant appeals.
 

 Defendant’s sole contention on appeal is that the sentence was harsh and excessive. “[A] sentencing decision is a matter committed to the exercise of the court’s discretion and ... it can be made only after careful consideration of all facts available at the time of sentencing” (People v Farrar, 52 NY2d 302, 305 [1981] [emphasis omitted]). “A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances” (People v Fairley, 63 AD3d 1288, 1290 [2009] [internal quotation marks and citations omitted], lv denied 13 NY3d 743 [2009]). Here, defendant’s sentence was within statutory guidelines (see Penal Law § 70.00). The record reflects that County Court considered, among other things, defendant’s lack of criminal history, his expressed remorse and the supportive letters submitted on his behalf. County Court balanced these factors with the serious nature of the incident that resulted in the victim’s death, as well as defendant’s conduct at the time of the incident, which included a failure to call for help and his subsequent attempt to conceal his involvement in the incident. In our view, the record reflects that the court properly considered appropriate sentencing factors (see People v Farrar, 52 NY2d at 305-306). As such, we find no abuse of the court’s discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Hey, 74 AD3d 1582, 1583 [2010], lv denied 15 NY3d 852 [2010]).
 

 Egan Jr., J.P., Rose, Devine and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.