People v Williams (2021 NY Slip Op 00457)





People v Williams


2021 NY Slip Op 00457


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

110964

[*1]The People of the State of New York, Respondent,
v
Karen Williams, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered January 3, 2018, convicting defendant upon her plea of guilty of the crime of attempted robbery in the first degree.
Defendant pleaded guilty to attempted robbery in the first degree and purportedly waived the right to appeal. County Court thereafter imposed the agreed-upon sentence of five years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we find that defendant's appeal waiver was invalid. County Court did not inform defendant that the right to appeal was separate and distinct from the rights she was forfeiting by pleading guilty and did not adequately explain the nature of the waiver or ascertain defendant's knowledge of its ramifications (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]). Although defendant also signed a written appeal waiver, County Court did not ensure that defendant had read the waiver, discussed it with counsel or understood its contents (see People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]; People v Dolder, 175 AD3d 753, 754 [2019]). Given the invalidity of the appeal waiver, defendant's contention that the sentence is harsh and excessive is not foreclosed. Nonetheless, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Cook, 171 AD3d 1361, 1361-1362 [2019]; People v Mitchell, 166 AD3d 1233, 1234 [2018], lv denied 33 NY3d 979 [2019]).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.