People v Alexander (2021 NY Slip Op 03218)





People v Alexander


2021 NY Slip Op 03218


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110406 110424
[*1]The People of the State of New York, Respondent,
v
Ramel S. Alexander, Appellant.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Sandra M. Colatosti, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered March 20, 2018, convicting defendant upon his pleas of guilty of the crimes of driving while intoxicated and attempted criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of 1½ years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal, and defendant was expressly advised that, if he was arrested for another offense prior to sentencing, County Court would not be bound by the plea agreement. Against that backdrop, defendant pleaded guilty to the charged crime, and the matter was adjourned for sentencing.
Prior to sentencing, defendant was arrested and charged with driving while intoxicated as a felony. As a result, the People sought an enhancement of defendant's sentence upon his drug conviction and offered to permit defendant to plead guilty to driving while intoxicated in exchange for a prison term of 1 to 3 years (with a three-year conditional discharge) — such sentence to run concurrently with the three-year enhanced prison term sought with respect to defendant's drug conviction. That plea agreement also required defendant to waive his right to appeal.
After being advised of and declining his right to a hearing on the proposed sentencing enhancement (see People v Outley, 80 NY2d 702 [1993]), defendant waived indictment, agreed to be prosecuted pursuant to a superior court information charging him with one count of driving while intoxicated and pleaded guilty to the charged crime. County Court thereafter sentenced defendant to a prison term of three years upon his conviction of attempted criminal possession of a controlled substance in the third degree (followed by two years of postrelease supervision) and to a prison term of 1 to 3 years upon his conviction of driving while intoxicated (with a three-year conditional discharge) — said sentences to run concurrently. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's respective waivers of the right to appeal were invalid, as County Court failed to distinguish the waiver of the right to appeal from the other rights that defendant was forfeiting by pleading guilty and, further, neither adequately explained the nature of the waiver nor ascertained defendant's understanding of the ramifications thereof (see People v Williams, 190 AD3d 1192, 1193 [2021]; People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]). Such deficiencies were not cured by defendant's execution of written waivers of appeal, as County Court "did not verify that defendant had read and understood the written appeal waiver[*2][s] or discussed [them] with counsel" (People v Alexander, 174 AD3d at 1068 [internal quotation marks and citations omitted]; see People v Williams, 190 AD3d at 1193).
As for defendant's challenge to the enhanced sentence, a sentencing court may not impose an enhanced sentence unless, as relevant here, "'it has informed the defendant of [the] specific conditions that the defendant must abide by or risk such enhancement'" (People v Hunter, 173 AD3d 1249, 1250 [2019], lv denied 34 NY3d 933 [2019], quoting People v Tole, 119 AD3d 982, 984 [2014]). There is no dispute that County Court fulfilled its obligation in this regard, as the court specifically informed defendant that, in order for the court to honor the plea agreement, defendant could not "get arrested again" prior to sentencing (compare People v Blanford, 179 AD3d 1388, 1393 [2020], lv denied 35 NY3d 968 [2020]). Additionally, the record reflects that defendant did not object to the enhanced sentence, request a hearing or move to withdraw his plea upon this ground, thereby failing to preserve this issue for our review (see People v Bushey, 186 AD3d 1835, 1835 [2020], lv denied 36 NY3d 928 [2020]; People v Benninger, 173 AD3d 1568, 1569 [2019], lv denied 34 NY3d 978 [2019]; People v Smith, 162 AD3d 1408, 1409 [2018]). Indeed, defendant expressly declined County Court's offer of a hearing on this point — opting instead to accept the People's proposed resolution and proceed to sentencing (see People v Derrig, 175 AD3d 1675, 1675-1676 [2019], lv denied 34 NY3d 1127 [2020]). Thus, contrary to defendant's present assertion, he was in fact provided with an opportunity to contest the validity of his postplea arrest, and we decline his request to take corrective action in the interest of justice.
Finally, although defendant's challenge to the sentences imposed as harsh and excessive is not precluded (see People v Williams, 190 AD3d at 1193), in light of defendant's extensive criminal history and the favorable treatment that he received in the form of concurrent sentences, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentences imposed in the interest of justice (see generally People v Suddard, 164 AD3d 950, 951 [2018], lv denied 32 NY3d 1178 [2019]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.