People v Jones (2021 NY Slip Op 04517)





People v Jones


2021 NY Slip Op 04517


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

111123
[*1]The People of the State of New York, Respondent,
v
Clayton Jones, Appellant.

Calendar Date:June 17, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Cliff Gordon, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Leigh G. Wellington of counsel), for respondent.



Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered October 26, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the third degree. He pleaded guilty to this crime and was required to waive his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to 2 to 4 years in prison. County Court, however, warned defendant that if he failed to comply with certain conditions, including that he not be charged with another crime prior to sentencing, then it would not be bound to impose the agreed-upon sentence. Prior to sentencing, defendant was arrested and charged with additional crimes, including burglary in the third degree. As a result, County Court imposed upon defendant an enhanced sentence of 3½ to 7 years in prison. He appeals.
Initially, defendant contends that he is not precluded from challenging the severity of his sentence because his appeal waiver was invalid. Based upon our review of the record, as well as the People's concession that the waiver was overly broad, we agree. Notably, the written waiver extended to defendant's right to "set aside his sentence under CPL [a]rticle[s] 440 and 330" and his "rights to file habeas corpus petitions to challenge [his] conviction in state and federal court." This Court has held that such waivers, which encompass certain nonwaivable rights, are unenforceable (see People v Figueroa, 192 AD3d 1269, 1269-1270 [2020]; People v Rodriquez, 185 AD3d 1296, 1297 [2020].
Turning to the sentence, although not addressed by the parties, the record does not indicate that defendant either objected to the enhanced sentence or moved to withdraw his plea on this basis (see People v Beardsley, 159 AD3d 1194, 1194 [2018]; People v Rushlow, 137 AD3d 1482, 1483 [2016]). Consequently, this claim has not been preserved for our review (see People v Beardsley, 159 AD3d at 1194-1195; People v Garrow, 147 AD3d 1160, 1161-1162 [2017]). In any event, were the issue properly before us, we would find the enhanced sentence to be justified because, in direct contravention of the conditions set forth by County Court, defendant was charged with third degree burglary, as well as other crimes, less than three months after he pleaded guilty and prior to sentencing.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.