People v Davis (2021 NY Slip Op 06113)





People v Davis


2021 NY Slip Op 06113


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

110471
[*1]The People of the State of New York, Respondent,
v
Jah-Juan Davis, Appellant.

Calendar Date:October 8, 2021

Before:Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of County Court of Albany County (Carter, J.), rendered May 17, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was indicted and charged with attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts) following an incident wherein defendant fired a flare gun that had been modified to accept .22 caliber ammunition. After undergoing a mental health evaluation and rejecting an initial plea offer, defendant pleaded guilty — in full satisfaction of the indictment — to one count of criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of eight years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal.
At the conclusion of the plea colloquy, County Court warned defendant that if he "fail[ed] to come to court without a good reason on [his] sentencing date," the court would not be bound by the plea agreement and could impose the maximum term of imprisonment, which defendant previously had been advised was 15 years. Defendant failed to appear, and a bench warrant was issued. When defendant was returned for sentencing, counsel indicated that defendant initially failed to appear due to his unwillingness to leave his ailing grandfather, and defendant declined the opportunity to elaborate further. After noting that defendant had been advised of the consequences of failing to appear for sentencing, County Court imposed an enhanced sentence of nine years in prison followed by five years of postrelease supervision. Defendant appeals.
The People concede — and we agree — that defendant's waiver of the right to appeal is invalid, as "County Court failed to distinguish the waiver of the right to appeal from the other rights that defendant was forfeiting by pleading guilty and, further, neither adequately explained the nature of the waiver nor ascertained defendant's understanding of the ramifications thereof" (People v Alexander, 194 AD3d 1261, 1262 [2021]; see People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]). Such deficiencies were not remedied by the written waiver of appeal executed by defendant, as County Court "did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel" (People v Brewster, 194 AD3d at 1267 [internal quotation marks and citations omitted]; see People v Williams, 190 AD3d 1192, 1193 [2021]). Given the invalid appeal waiver, defendant's claim that the sentence imposed is harsh and excessive is not precluded (see People v Nelson, 196 AD3d 972, 972 [2021], lv denied 37 NY3d 1028 [2021]). That said, we discern no extraordinary circumstances or abuse of discretion warranting a modification of the sentence in the interest of justice — particularly [*2]given that the sentence imposed was well below the maximum term of imprisonment for a class C violent felony (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 265.03 [3]).
As for defendant's procedural challenge to the enhanced sentence, the record does not reflect that defendant voiced any objection, requested a hearing or moved to withdraw his plea upon this ground (see People v Alexander, 194 AD3d at 1263). Accordingly, this issue is unpreserved for our review (see People v Jones, 196 AD3d 974, 974 [2021]; People v Alexander, 194 AD3d at 1263), and we decline defendant's invitation to take corrective action in the interest of justice. Contrary to defendant's assertion, the lack of preservation was not attributable to the ineffective assistance of counsel, as defendant was expressly advised that, should he fail to appear for sentencing "without a good reason," County Court would not be bound by the plea agreement and could impose the maximum prison term of 15 years (compare People v Barnes, 177 AD3d 1168, 1169 [2019]). Defendant's remaining arguments have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.