People v Golden (2022 NY Slip Op 00473)





People v Golden


2022 NY Slip Op 00473


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

111088
[*1]The People of the State of New York, Respondent,
v
Whitney Golden, Appellant.

Calendar Date:December 30, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Stephen J. Carney, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jennifer C. Manning of counsel), for respondent.



Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered January 10, 2019, convicting defendant upon her plea of guilty of the crimes of driving while under the influence of drugs and aggravated driving while intoxicated with a child passenger, and the traffic infractions of driving left of the pavement markings and failure to stop at a stop sign.
Defendant was charged in an indictment with the crimes of driving while under the influence of drugs and aggravated driving while intoxicated with a child passenger, and the traffic infractions of driving left of the pavement markings and failure to stop at a stop sign. Defendant pleaded guilty as charged and sentencing was left to County Court's discretion. County Court sentenced defendant to a one-year jail term for the conviction of driving while under the influence of drugs, conditionally discharged on her compliance with the conditions of her probation. Defendant was sentenced to six months in jail, to be followed by five years of probation, for the conviction of aggravated driving while intoxicated with a child passenger and fines were imposed on all of the charges to which defendant pleaded guilty. Defendant appeals.
Defendant's sole contention on appeal is that the sentence is harsh and excessive. "A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (People v Sookram, 156 AD3d 1254, 1255 [2017] [internal quotation marks and citations omitted]; see People v Hightower, 186 AD3d 926, 932 [2020], lv denied 35 NY3d 1113 [2020]). Notably, defendant has a prior conviction for driving while ability impaired. Her sentencing exposure was significantly greater than the terms imposed. Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Ferguson, 193 AD3d 1253, 1259 [2021], lv denied 37 NY3d 964 [2021]; People v Wheeler, 159 AD3d 1138, 1144 [2018], lv denied 31 NY3d 1123 [2018]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.