People v Duckett (2022 NY Slip Op 03287)

People v Duckett

2022 NY Slip Op 03287

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

112408
[*1]The People of the State of New York, Respondent,
v
Richard Duckett, Appellant.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered February 1, 2018, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant pleaded guilty to murder in the second degree in satisfaction of an indictment that also charged him with criminal possession of a weapon in the second degree. The charges stem from defendant's admitted conduct, captured in a video recording, in intentionally shooting Terrance Roberts on June 18, 2017, causing his death. Pursuant to the plea agreement, defendant was required to waive his right to appeal, and executed a written waiver of appeal as part of the plea allocution. County Court imposed the agreed-upon prison term of 20 years to life. Defendant appeals.
Initially, although a waiver of appeal was contemplated as a condition of the plea agreement, we agree with defendant that his appeal waiver is invalid. County Court failed to adequately inform defendant that the waiver of appeal was separate and distinct from the trial-related rights that were automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Davis, 199 AD3d 1123, 1124 [2021], lv denied 37 NY3d 1160 [2022]; see also People v Thomas, 34 NY3d 545, 561 [2019]; cf. People v Acevedo, 179 AD3d 1397, 1398 [2020]). The written waiver of appeal executed by defendant was similarly deficient (see People v LaPierre, 189 AD3d 1813, 1815 [2020], lv denied 36 NY3d 1098 [2021]; cf. People v Nack, 200 AD3d 1197, 1198 [2021], lv denied ___ NY3d ___ [Apr. 20, 2022]). As such, defendant's challenge to the sentence as harsh and excessive is not precluded (see People v Davis, 199 AD3d at 1124). However, upon review, we are not persuaded that the authorized sentence, which is in the mid-range for this class A-1 felony (see Penal Law § 70.02 [2] [a]; [3] [a] [i]), is harsh or excessive. County Court took into consideration that defendant was only 20 years old at the time of the shooting and had no prior criminal record. However, the record reflects that defendant repeatedly shot the victim, who was retreating, and, when the victim fell to the ground, defendant shot him in the head, execution style. Given defendant's conduct, accurately described by the arresting officer as a "cold-blooded murder," we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Bowden, 177 AD3d 1037, 1039 [2019], lv denied 34 NY3d 1157 [2020]).
Defendant's challenge to the voluntariness of his plea, based upon claims of ineffectiveness of counsel, is unpreserved for our review in the absence of evidence in the record of an appropriate postallocution motion (see People v Stratton, 201 AD3d 1201, 1203-1204 [2022]). Further, the narrow exception to the preservation requirement was not implicated as the record does not disclose that defendant made any statements during the plea colloquy[*2] [FN1] or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Botts, 191 AD3d 1044, 1044 [2021], lv denied 36 NY3d 1095 [2021]; cf. People v Mox, 20 NY3d 936, 937-939 [2012]). Defendant's postplea statements during his presentence interview, to the extent inconsistent with his plea allocution, did not obligate County Court to conduct a further inquiry (see People v Rosario, 203 AD3d 1404, 1405 [2022]; People v Allen, 166 AD3d 1210, 1210-1211 [2018], lvs denied 32 NY3d 1201, 1206 [2019]).
Defendant's contentions that defense counsel was ineffective based upon what counsel advised or explained to him are based on matters outside the record on appeal and, as such, more appropriately raised in a motion to vacate pursuant to CPL article 440 (see People v Linear, 200 AD3d 1498, 1499 [2021], lvs denied 38 NY3d 951, 952 [2022]; People v Huebsch, 199 AD3d 1174, 1176 [2021], lv denied 37 NY3d 1161 [2022]; see also People v Maffei, 35 NY3d 264, 269-270 [2020]). To the extent that defendant's claims are based upon the transcript of the proceedings, they are either unsupported or contradicted by the record (see People v Huebsch, 199 AD3d at 1176). Were we to address them despite the lack of preservation, we would find that defendant received a favorable plea agreement, particularly given the video recording, and has not demonstrated that counsel lacked a strategic or other legitimate explanation for his actions or that he was denied meaningful representation (see People v Clark, 28 NY3d 556, 562-563 [2016]; People v Benevento, 91 NY2d 708, 712-713 [1998]). Defendant's remaining claims similarly lack merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant expressed generalized dissatisfaction with counsel prior to his plea, he did not raise any "serious complaints about counsel" so as to warrant assigning substitute counsel; he then conferred with counsel, expressed satisfaction with his representation and proceeded with entering a guilty plea, and did not thereafter move to withdraw his guilty plea on this ground (People v Crampton, 201 AD3d 1020, 1022 [2022] [internal quotation marks and citation omitted], lv denied 37 NY3d 1160 [2022]).