People v Rodriguez (2022 NY Slip Op 04060)

People v Rodriguez

2022 NY Slip Op 04060

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112226
[*1]The People of the State of New York, Respondent,
v
Ricky Rodriguez, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Donnial K. Hinds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered November 22, 2019, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In full satisfaction of a four-count indictment, defendant pleaded guilty to one count of assault in the second degree with the understanding that he would be sentenced, as a persistent violent felony offender, to a prison term of 12 years to life. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing. When the parties returned to court, defendant sought the assignment of new counsel and asserted that his plea was involuntary — a contention premised upon defendant's belief that he had not been provided with certain video evidence of the underlying incident. Following the assignment of new counsel and a formal motion to withdraw his plea, County Court denied defendant's motion and sentenced him to the contemplated term of imprisonment. This appeal ensued.
Preliminarily, the People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. County Court did not inform defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights automatically forfeited by the guilty plea, nor did the court explain the nature of the appellate rights being relinquished and/or the ramifications thereof (see People v Davis, 199 AD3d 1123, 1124 [2021], lv denied 37 NY3d 1160 [2022]; People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]). Additionally, although defendant executed a written appeal waiver, "County Court did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel" (People v Davis, 199 AD3d at 1124 [internal quotation marks and citations omitted]; see People v Alexander, 194 AD3d 1261, 1262 [2021], lv denied 37 NY3d 1094 [2021]).
Defendant's challenge to the voluntariness of his plea is preserved by virtue of his unsuccessful motion to withdraw (see People v Oliver, 185 AD3d 1099, 1100 [2020]; People v Wiggins, 176 AD3d 1255, 1256 [2019]), but we find this claim to be lacking in merit. Contrary to defendant's assertion, the invalid appeal waiver in no way impacted his ability to enter a knowing, intelligent and voluntary plea of guilty. Additionally, no mention of defendant's asserted mental health or substance abuse issues was made during the course of the plea colloquy, and defendant's belated, postplea statements in this regard — as set forth in the presentence investigation report — did not impose a duty of further inquiry upon County Court (see People v Anderson, 170 AD3d 878, 878 [2019], lv denied 33 NY3d 1028 [2019]; People v Allen, 166 AD3d 1210, 1210-1211 [2018], lvs denied 32 NY3d 1201, 1206 [2019]; People v Hopper, 153 AD3d 1045, 1047 [2017], lv denied 30 NY3d 1061[*2][2017]; compare People v Skyers, 173 AD3d 1565, 1566 [2019]). Moreover, a review of the plea colloquy reveals that defendant assured County Court that he was thinking clearly at the time of the plea, had been afforded sufficient time to fully discuss the plea bargain and any potential defenses, was satisfied with counsel's services and was voluntarily pleading guilty because he was in fact guilty of assault (see People v Stockwell, 203 AD3d 1407, 1408-1409 [2022], lv denied ___ NY3d ___ [May 26, 2022]; People v Washburn, 192 AD3d 1267, 1268-1269 [2021], lv denied 37 NY3d 961 [2021]). Under these circumstances, defendant's unsupported claim of innocence is insufficient to undermine the voluntariness of his plea (see People v Diggs, 178 AD3d 1203, 1204-1205 [2019], lv denied 34 NY3d 1158 [2020]; People v Ozuna, 177 AD3d 1040, 1041 [2019], lv denied 35 NY3d 972 [2020]).
We reach a similar conclusion regarding County Court's summary denial of defendant's motion to withdraw his plea, which was premised upon counsel's alleged failure to advise defendant of a potential intoxication defense. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Hewitt, 201 AD3d 1041, 1045 [2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 928 [2022]; see People v Nealon, 166 AD3d 1225, 1226 [2018]). In this regard, "[a]n evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Sweat, 157 AD3d 1062, 1063 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1122 [2018]; accord People v Roosevelt, 169 AD3d 1117, 1118 [2019]).
In support of his motion, defendant averred that he was "highly intoxicated" at the time of the assault, but the record contains no other proof to substantiate this otherwise conclusory claim (compare People v Maxson, 101 AD3d 1384, 1386 [2012]). Additionally, defendant's assertion that counsel failed to apprise him of a potential intoxication defense is belied by defendant's statements during the plea colloquy, wherein, as noted previously, defendant confirmed that he had discussed potential defenses with counsel and was satisfied with counsel's services. Accordingly, upon reviewing the record as a whole, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing (see e.g. People v Roosevelt, 169 AD3d at 1118; People v Nealon, 166 AD3d at 1226). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.