People v Quick (2022 NY Slip Op 04669)

People v Quick

2022 NY Slip Op 04669

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112152
[*1]The People of the State of New York, Respondent,
v
Albert Quick, Also Known as Skeet, Appellant.

Calendar Date:June 17, 2022

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Cliff Gordon, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello, for respondent.

Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered January 26, 2018, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts) and criminal possession of a weapon in the second degree.
In full satisfaction of a nine-count indictment, defendant agreed to plead guilty to two counts of burglary in the second degree and one count of criminal possession of a weapon in the second degree with the understanding that he would be sentenced to concurrent prison terms of 13 years followed by five years of postrelease supervision. The plea agreement, which encompassed additional potential charges then under investigation, also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter imposed the agreed-upon terms of imprisonment. This appeal ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as the written waiver of appeal is overbroad (see People v Jones, 196 AD3d 974, 974 [2021]; People v Velazquez, 194 AD3d 1181, 1182 [2021], lv denied 37 NY3d 995 [2021]) and County Court's oral colloquy "was insufficient to permit the conclusion that the counseled defendant understood the distinction that some appellate review survived" (People v Williams, 202 AD3d 1162, 1163 [2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 954 [2022]). Accordingly, defendant's challenge to the sentence imposed is not precluded (see People v Ward, 204 AD3d 1172, 1173 [2022]). That said, upon due consideration of all of the relevant factors, we do not find the agreed-upon sentence to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.