People v Bolster (2022 NY Slip Op 06297)

People v Bolster

2022 NY Slip Op 06297

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

112953
[*1]The People of the State of New York, Respondent,
v
Cody A. Bolster, Appellant.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Joseph E. Ermeti, Public Defender, Delhi (George V. Collins III of counsel), for appellant.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Delaware County (Gary A. Rosa, J.), rendered March 29, 2021, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant was charged in a superior court information with burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree. In full satisfaction thereof, defendant agreed to plead guilty to burglary in the third degree with the understanding that he would be placed on interim probation for a period of no more than 12 months subject to various terms and conditions, including — as relevant here — that he successfully complete the Delaware County Adult Treatment Court Program. If successful, defendant would be permitted to withdraw his plea and plead guilty to petit larceny, whereupon he would be sentenced to an additional two years of probation supervision. If unsuccessful, defendant would be sentenced to a prison term of 2&frac13; to 7 years. The plea agreement also required defendant to waive his right to appeal, to execute a treatment court contract and to abide by various terms and conditions of his interim probation. Defendant pleaded guilty in conformity with the agreement in November 2019, and County Court (Northrup Jr., J.) placed him on interim probation.
In January 2020, defendant was sanctioned for his failure to report for urinalysis drug screens as required and, between July 2020 and August 2020, twice was charged with violating his probation by, among other things, failing to attend recommended treatment programs. On both occasions, the violation petitions were withdrawn, various sanctions were imposed and defendant's interim probation was continued. Thereafter, in January 2021, defendant again was charged with violating the terms and conditions of his probation by failing to abide by his curfew and refrain from consorting with disreputable individuals. Following a hearing, County Court (Rosa, J.) sustained the curfew violation and thereafter revoked defendant's interim probation and imposed the contemplated prison term. This appeal ensued.
Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid. County Court (Northrup Jr., J.) did not explain that defendant's waiver of the right to appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty, and the court's oral colloquy otherwise failed to establish that defendant appreciated the nature and ramifications of the appellate rights being relinquished (see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Boyd, 206 AD3d 1350, 1351 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). Additionally, the written waiver of appeal and the waiver provision embodied in defendant's treatment court contract purport to either effectuate a waiver of "any and all rights to appeal from the judgment of conviction" or encompass "all issues arising from [the] criminal proceeding[*2]." Given the overbroad language contained in the written waiver of appeal, which County Court did not ascertain defendant had read or understood (see People v Harper, 207 AD3d 965, 965-966 [3d Dept 2022]), and the noted deficiencies in the court's oral colloquy, we cannot say that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Ellithorpe, 207 AD3d 1001, 1001-1002 [3d Dept 2022]; People v Gotham, 202 AD3d 1157, 1157 [3d Dept 2022], lv denied 38 NY3d 950 [2022]; compare People v Andino, 185 AD3d 1218, 1218-1219 [3d Dept 2020], lv denied 35 NY3d 1110 [2020]).
In light of the invalid appeal waiver, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Carney, 207 AD3d 1000, 1001 [3d Dept 2022]). That said, given defendant's documented lack of success on interim probation and his established violation of the terms and conditions thereof, we do not find that the contemplated term of imprisonment imposed was unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant's related assertion — that County Court (Rosa, J.) impermissibly enhanced his sentence based upon probation violations that had not in fact been established — is equally unpersuasive. As defense counsel acknowledged at the time of sentencing, relevant sentencing considerations included, among other things, the facts established at the violation hearing, the history contained in the presentence investigation report and the conclusions that reasonably could be drawn therefrom. In this regard, although County Court indeed referenced the unsustained probation violation (consorting with disreputable individuals), the court also acknowledged that the sentence to be imposed could not "be based upon other things [that defendant had] done." As the information contained in the presentence investigation report, including defendant's demonstrated lack of success on interim probation, fully supports County Court's decision to impose the contemplated term of imprisonment, we discern no basis upon which to disturb it (see generally People v Mays, 181 AD3d 874, 875 [2d Dept 2020], lv denied 36 NY3d 1058 [2021]; compare People v Murdock, 175 AD3d 1560, 1563 [2d Dept 2019]).
We also reject defendant's assertions that he was denied due process at sentencing. Following initial remarks from the District Attorney and defense counsel at the sentencing proceeding, defendant was afforded an opportunity to speak, which he declined. An additional discussion between the District Attorney, defense counsel and County Court ensued, at the conclusion of which the court imposed sentence. The fact that defendant was not afforded a second opportunity to speak at the conclusion of the foregoing colloquy does not, in our view, give rise to a due process violation. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia[*3], JJ. concur.
ORDERED that the judgment is affirmed.