People v Atutis (2023 NY Slip Op 01709)

People v Atutis

2023 NY Slip Op 01709

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

112699 
[*1]The People of the State of New York, Respondent,
v
Adriane M. Atutis, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ. 

Jane M. Bloom, Monticello, for appellant, and appellant pro se.
Michael D. Ferrarese, District Attorney, Norwich (Lauren D. Konsul, New York Prosecutors Training Institute, Albany, of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Chenango County (Frank B. Revoir Jr., J.), rendered November 20, 2020, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
Defendant waived indictment and was charged in a superior court information with driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. Pursuant to a negotiated disposition, and in full satisfaction of the two charges contained in the superior court information, defendant pleaded guilty to driving while intoxicated and, as part of the plea agreement, he was required to waive the right to appeal. Pursuant to the plea agreement, sentencing was adjourned so that defendant could successfully complete a drug court treatment program that he was already participating in. If defendant were to successfully complete the program, abide by the conditions of that program and not further violate the law prior to sentencing, defendant was to be sentenced to, among other things, five years of probation. Defendant subsequently absconded from his drug court program and from the state, and a July 2020 bench warrant for defendant's arrest was issued by County Court for his failure to comply with the conditions of his release. After denying defendant's pro se motion to withdraw his guilty plea, County Court sentenced defendant to 2 to 6 years in prison. Defendant appeals, principally contending that his plea was involuntary and that the court erred in imposing an enhanced sentence.
Initially, we agree with defendant that the appeal waiver is invalid, considering "County Court's terse and inadequate explanation of the nature of the appeal waiver as well as its failure to ascertain — either during the plea colloquy or [in] . . . a written waiver — whether defendant understood the ramifications thereof" (People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; see People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Boyd, 206 AD3d 1350, 1351 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). In that regard, "County Court did not inform defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights automatically forfeited by the guilty plea, nor did the court explain the nature of the appellate rights being relinquished and/or the ramifications thereof" (People v Rodriguez, 206 AD3d at 1384; see People v Bolster, 210 AD3d 1205, 1206 [3d Dept 2022]; People v Boyd, 206 AD3d at 1351). Given the invalid appeal waiver, defendant's claim that the sentence imposed is harsh and excessive is not precluded (see People v Davis, 199 AD3d 1123, 1124-1125 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]). That said, under the circumstances presented here, including defendant's prior convictions for driving while intoxicated and his demonstrated lack of remorse, we do not find the sentence, which fell within the statutory parameters for a class D felony (see Penal [*2]Law § 70.00), to be "unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Golden, 201 AD3d 1253, 1254 [3d Dept 2022]; cf. People v Tietje, 171 AD3d 1355, 1356 [3d Dept 2019], lv denied 33 NY3d 1109 [2019]).
To the extent that defendant's challenge to his guilty plea was preserved by his unsuccessful pro se written motion to withdraw his plea, it lacks merit. Contrary to defendant's claim, the record reflects that, prior to the plea allocution, he was clearly advised of the terms and conditions of the plea agreement, including the count in the superior court information to which he would be pleading guilty and the specific conditions that he was required to abide by in order to obtain the agreed-upon sentence of five years of probation, and he agreed to those terms unequivocally. A review of the record establishes that defendant, in pleading guilty, made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]). "Accordingly, as defendant unequivocally pleaded guilty and admitted the factual allegations of the crime[ ], and because his litany of claims of coercion, fraud, innocence and mistake are unsupported or contradicted by the record, County Court did not abuse its discretion in denying his motion to withdraw his plea" (People v LaPierre, 195 AD3d 1301, 1303-1304 [3d Dept 2021]; see People v Haffiz, 19 NY3d 883, 884-885 [2012]; People v Fiumefreddo, 82 NY2d 536, 546-548 [1993]; People v Walker, 173 AD3d 1561, 1562 [3d Dept 2019]).
"As for defendant's procedural challenge to the enhanced sentence, the record does not reflect that defendant voiced any objection, requested a hearing or moved to withdraw his plea upon this ground" (People v Davis, 199 AD3d at 1125 [citation omitted]). Accordingly, this issue is unpreserved for our review (see People v Jones, 196 AD3d 974, 974 [3d Dept 2021]; People v Alexander, 194 AD3d at 1263; People v DePalma, 99 AD3d 1116, 1117 [3d Dept 2012], lv denied 20 NY3d 1010 [2013]) and nevertheless without merit (see People v Jones, 196 AD3d at 974; People v Aloafi, 170 AD3d 1379, 1380 [3d Dept 2019]). We further decline defendant's invitation to take corrective action in the interest of justice (compare People v Barnes, 177 AD3d 1168, 1169 [3d Dept 2019]). Furthermore, inasmuch as defendant's ineffective assistance of counsel claim is predicated upon matters outside of the record, it is more appropriately addressed in a CPL article 440 motion, "where the basis of the claim may be fully developed" (People v Haffiz, 19 NY3d at 885; see People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied ___ NY3d ___ [Feb. 22, 2023]; People v Dye, 210 AD3d at 1194). Defendant's remaining claims, including those in his pro se supplemental brief, have been reviewed and found to be without merit.
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.