People v Ward (2024 NY Slip Op 03355)

People v Ward

2024 NY Slip Op 03355

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

112811
[*1]The People of the State of New York, Respondent,
v
William Ward, Also Known as Man Man, Appellant.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Dennis J. Lamb, Troy, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court of Albany County (Peter A. Lynch, J.), rendered November 11, 2019, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In satisfaction of eight felony crimes charged in an indictment and an unrelated charge for robbery in the second degree, defendant pleaded guilty to rape in the first degree and agreed to waive his right to appeal. The charges stem from allegations that defendant and two codefendants unlawfully entered an apartment without permission in the early morning hours of June 14, 2018 and, while inside, forcibly raped a 17-year-old female victim, assaulted a male victim and stole property from both victims. During the plea allocution, defendant admitted that he had sexual intercourse with the female victim by forcible compulsion, aided by a codefendant, the codefendants also forcibly sexually assaulted the victim and all three assaulted the male victim. Defendant subsequently moved to withdraw his guilty plea, which the People opposed. Supreme Court denied the motion in a written decision. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant to a prison term of 18 years followed by 20 years of postrelease supervision and issued no-contact orders of protection in favor of the victims of the indicted crimes and the unrelated robbery. Defendant appeals.[FN1]
Initially, we are unpersuaded that Supreme Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing.[FN2] "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of [the trial] [c]ourt, . . . withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement . . . [and] an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Rodriguez, 206 AD3d 1383, 1385 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see People v Peterson, 225 AD3d 1098, 1099-1100 [3d Dept 2024]). In support of his motion, defendant submitted only his own self-serving affidavit, which conclusorily alleged that "I do not believe that I committed rape in the first degree" and "I do not remember raping anyone." Neither allegation constitutes a claim of innocence or a denial of guilt and both contradict his unqualified admission during the plea allocution that he was in fact guilty and had committed the crime of rape in the first degree by subjecting the victim to sexual intercourse by forcible compulsion, aided by his codefendant. Moreover, even if defendant's affidavit were viewed as a denial of guilt, an "unsupported claim of innocence is insufficient to undermine the voluntariness of his plea" (People v Rodriguez, 206 AD3d at 1385; accord People v Peterson, 225 AD3d at 1100).
To the extent that defendant argued that he should have been permitted to withdraw his guilty plea based [*2]upon his "limited cognitive ability," no evidence was submitted regarding the nature or extent of any limitations. The record reflects that defendant was a "special education student who had been classified with an emotional disturbance" and had "ongoing mental health issues, for which he had been non-compliant with treatment." Nonetheless, "the record reflects that the court advised him of the plea terms, the trial-related rights he would be [forgoing] by his guilty plea and the consequences of his plea, and nothing in the record or his participation in the proceedings suggests that his . . . cognitive limitations rendered him incapable of understanding the proceedings or voluntarily entering a guilty plea" (People v Dungey, 216 AD3d 1367, 1368 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 928 [2023]). Contrary to his contentions, he was advised that he would be required to register as a sex offender and, when Supreme Court detected that defendant may have hesitated as he allocuted to the crime, the court reiterated that the plea had to be voluntary and elicited an unqualified admission from defendant that he had committed the crime, after defendant had conferred with counsel. Under these circumstances, where the plea was freely entered with the advice of counsel, the court acted within its discretion in denying defendant's motion to withdraw his guilty plea on involuntariness grounds (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied ___ NY3d ___ [May 7, 2024]).
Defendant's contentions in moving to withdraw his plea that counsel pressured him to plead guilty and inadequately consulted with him, and his allegations that counsel "ignored [his] claim of consent on the part of the victim," are not supported by the record before us. Prior to pleading guilty, defendant assured Supreme Court that he had spoken with defense counsel regarding the evidence, the issues and any defenses and was satisfied with counsel's representation; defendant also acknowledged that he had not been coerced by anyone to enter a guilty plea. Defendant made no claim during the plea allocution that the victim had consented and, instead, admitted that he had used forcible compulsion to commit the crime. His claims to feeling pressured to enter a guilty plea "amount to no more than the type of situational coercion faced by many defendants who are offered a plea deal" (People v Nunnally, 224 AD3d at 993 [internal quotation marks, brackets and citations omitted]). As such, we find that, in entering a guilty plea, defendant made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]; accord People v Bryant, 207 AD3d 886, 888 [3d Dept 2022]). Accordingly, given that "defendant unequivocally pleaded guilty and admitted the factual allegations of the crime . . . , and because his litany of claims of coercion and innocence[*3][, among others,] are unsupported or contradicted by the record, Supreme Court did not abuse its discretion in denying his motion to withdraw his plea" (People v Nunnally, 224 AD3d at 993 [internal quotation marks, ellipses, brackets and citations omitted]).
Defendant contends, in both his challenge to the denial of his motion to withdraw his guilty plea and in his appeal from the judgment of conviction, that he received ineffective assistance of counsel in connection with the entry of his guilty plea. However, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]). On this record, we find that defendant received a favorable plea that resolved numerous serious charges and avoided potential consecutive and lengthier sentences, and find no basis upon which to conclude that counsel rendered ineffective assistance so as to undermine the voluntariness of his guilty plea. As defendant's claims regarding what he told counsel and what counsel advised him, among others, concern both record-based and nonrecord-based allegations, they should be addressed together in their entirety in the context of a CPL 440.10 motion (see People v Bailey, 224 AD3d 1044, 1046 [3d Dept 2024]; People v Taylor, 156 AD3d 86, 91-92 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]).
Given the invalidity of defendant's appeal waiver (see n 1, supra), his challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d 248, 255-256 [2006]). Defendant contends that the sentence should be reduced in the interest of justice, citing his young age of 18 at the time of these crimes, his limited 11th grade education and cognitive abilities and his lack of prior sex crimes, while acknowledging that he has a criminal history, which includes a prior youthful offender adjudication for a felony conviction.[FN3] However, pursuant to the plea agreement, defendant was permitted to enter a guilty plea to only one class B violent felony, rape in the first degree, resolving numerous related first degree criminal sexual act, robbery and burglary charges, all class B violent felonies, in addition to an unrelated first degree robbery charge, for which he could have received consecutive sentences with an aggregate of 50 years (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 70.25 [2]). Defendant failed to accept responsibility for his actions by feigning a lack of memory of the crime spree and offensively claiming that the victim had consented to this gang rape. In view of the foregoing and the harrowing nature of the forcible rape of the female victim and brutal assault of the male victim, we do not find that the agreed-upon sentence, while lengthy, was unduly harsh or severe so as to warrant invoking [*4]our interest of justice power to reduce it (see CPL 470.15 [6] [b]). We have considered defendant's remaining contentions and find that they lack merit.
Egan Jr., J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's various challenges to the voluntariness of his guilty plea survive an appeal waiver (see People v Herring, 224 AD3d 1042, 1043 [3d Dept 2024], lv denied 41 NY3d 983 [2024]). Moreover, this Court has found the "exact written waiver [in this matter], utilized by the Albany County District Attorney's office, to be overly broad" (People v Stratton, 201 AD3d 1201, 1202 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]), and the "plea colloquy did not cure this defect, as it failed to ensure that defendant understood that some appellate rights would survive the appeal waiver" (People v Derverger, 214 AD3d 1261, 1262 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; see People v Robinson, 195 AD3d 1235, 1236 [3d Dept 2021]; People v Greene, 207 AD3d at 805). Accordingly, as the People concede, defendant's waiver of appeal is invalid (see People v Thomas, 34 NY3d 545, 566 [2019]).

Footnote 2: When defense counsel indicated that defendant wished to withdraw his guilty plea, substitute counsel was assigned and represented defendant on the motion and thereafter.

Footnote 3: Defendant's prior youthful offender adjudication for a felony conviction rendered him ineligible for youthful offender treatment here (see CPL 720.10 [2] [c]).